**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARTA BETANCOURT-ESQUERDO, ET AL.,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNION INTERNACIONAL UNITED AUTO WORKERS,<br><br>    Defendant. | Civ. No. 03-1189 (PG) |

**OPINION AND ORDER**

On February 27, 2003, plaintiffs Marta Betancourt-Esquerdo ("plaintiff" or "Betacourt"), Ernesto Ramirez-Velez ("Velez"), and the Conjugal Partnership Ramirez-Betancourt (hereinafter collectively referred to as "plaintiffs") filed the above-styled and captioned against defendant the Union Internacional United Auto Workers ("UAW"). Plaintiffs' amended complaint, filed on April 25, 2003, alleges eight causes of action. The first four causes of action seek damages for alleged violations of Betancourt's rights under Title VII, 42 U.S.C. § 2000e et. seq. ("Title VII"). The fifth cause of action alleges violations of the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1661 et. seq., ("COBRA"). The sixth cause of action is a supplemental claim based on the statutes and Constitution of Puerto Rico. The seventh cause of action is a claim for loss of consortium, and the eight cause of action seeks wage loss damages in reference to the first four causes of action.

Defendant moved for summary judgment on all claims. (Docket No. 63, 64, 68, 84, 85, 88.) The matter was referred to Chief Magistrate Judge Justo Arenas' for a Report and Recommendation ("R&R")(Docket No. 69.)  Plaintiffs also filed a Cross Motion for Partial Summary Judgment (Docket No. 96, 97), which was referred to Magistrate Judge Arenas as well. (Docket No. 105.)

The Magistrate Judge issued two R&Rs. The first ruled on defendant's motion for summary judgment (Docket No. 63) and addressed all of plaintiffs' causes of action except the COBRA claim.(Docket No. 120.) The second R&R ruled on plaintiffs' cross motion (Docket No. 96) and addressed the COBRA claim. (Docket No. 122.)

**DISCUSSION**

### I.   The R&R at Docket No. 120:

The Magistrate Judge thoroughly reviewed the record and determined that, pursuant to the applicable standard, see Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002), defendant was not entitled to judgment as a matter of law. See id. (The Court must examine the facts in the light most favorable to the non-movant, indulging that party with all possible inferences to be derived from the facts.)

The Magistrate concluded that plaintiffs had proffered sufficient evidence to show there existed genuine issues of fact precluding summary judgment in defendant's favor. See Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)(To be successful the moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record through definite and competent evidence.) Indeed, the Magistrate Judge made detailed findings, supported by references to the record, that showed why there was uncertainty as to the true state of the material facts. See Suarez v. Pueblo Int'l, 229 F.3d 49, 53 (1st Cir. 2000).

Defendant filed objections to the Magistrate Judge's conclusions of law. (Docket No. 127.) Upon *de novo* review of the exhaustive and itemized R&R, as well as the objections thereto, the Court finds no reason to depart from the Magistrate Judge's sound findings and conclusions[1]. Accordingly, the Court ADOPTS the R&R in its entirety and DENIES defendants' motion (Docket No. 63).

### II.   The R&R at Docket No. 122:

The Magistrate Judge determined that there were genuine issues of material fact at to whether UAW had switched insurance carriers or not. This was the central issue to determine whether UAW had violated COBRA or not by conditioning Betancourt to pay a premium exceeding the statutory maximum in

---

[1] See Sackall v. Heckler, 104 F.R.D. 401, 402-03 (1st Cir. 1984)("[I]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel consistent with the [Federal Rules of Procedure], can in good conscience complain to the district judge that and objection to a particular finding or recommendation is 'well grounded in fact and is warranted by existing law or ... reversal of existing law...'."

Civ. No. 03-1189 (PG)                                                    Page 3

comparison to similarly situated beneficiaries with respect to whom a qualifying event had not occurred. See 29 U.S.C. §§1162(3) & 1164(1). The parties did not file objections to the Magistrate Judge's conclusion. Having reviewed the R&R, the Court ADOPTS the recommendation and DENIES plaintiffs' cross motion (Docket No. 96.)

## CONCLUSION

WHEREFORE, the Court **ADOPTS** the Magistrate Judge's Report and Recommendations (**Docket Nos. 120 & 122)** and **DENIES** defendant's Motion for Summary Judgment **(Docket No. 63)** and plaintiffs' Cross Motion for Partial Summary Judgment **(Docket No. 96)**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 17, 2006.

                                                    S/JUAN M. PEREZ-GIMENEZ
                                                    U. S. DISTRICT JUDGE